United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE S. MARTIN, | No. C 07-01848 JF (PR) |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS UNDER 28 U.S.C. § 1915(g); REVOKING *IN FORMA PAUPERIS* STATUS; ADDRESSING PENDING MOTIONS |
| vs. | |
| PONDER, et al., | |
| Defendant(s). | (Docket Nos. 13, 15, 18, 19, 30, 33, 38, 41 and 47) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison medical personnel for violating his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. This Court found the complaint, liberally construed, stated cognizable claims under § 1983 and by order filed October 9, 2007, ordered Defendants be served with the complaint. Plaintiff filed a motion to proceed in forma pauperis which this Court granted. (Docket No. 7)

Defendants filed a motion to revoke Plaintiff's in forma pauperis status and dismiss the complaint on the grounds that Plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). (Docket No. 30.) Defendants

request the Court to take judicial notice of the documents submitted in support thereof. (Docket No. 31) Plaintiff filed an opposition to Defendants' motion to dismiss, and Defendants filed a reply.

**DISCUSSION**

A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding further that imminent danger must be shown at time of filing notice of appeal to obtain IFP status on appeal). "Imminent danger" may include an ongoing danger of serious physical injury. See Ashley, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); cf. Abdul-Akbar, 239

1  F.3d at 315 n.1 (while declining to reach question of whether "imminent danger"
2  encompasses an ongoing danger of serious physical injury, noting that the plaintiff's
3  allegations of past acts of physical harassment were not sufficiently specific or
4  related to support an inference of an ongoing danger); Medberry, 185 F.3d at 1193
5  (finding no ongoing danger where plaintiff had been placed in administrative
6  segregation following physical assaults by fellow inmates and before he filed his
7  complaint).

8      A district court should liberally construe the allegations in a complaint filed
9  by a pro se prisoner facing a § 1915(g) bar, construing all allegations in favor of the
10 complainant and crediting those allegations of "imminent danger" that have gone
11 unchallenged.  See McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir 2002)
12 (liberally construing allegations in complaint for initial determination of whether
13 prisoner is in "imminent danger of serious physical injury"); Gibbs v. Cross, 160
14 F.3d 962, 966 (3d Cir. 1998) (same).  Plaintiff has the burden of proving that he is in
15 imminent danger of serious physical injury.

16 B.    Plaintiff's Prior "Strikes"

17     Defendants allege that plaintiff has filed, while incarcerated, at least three
18 actions that were dismissed on the basis that they were frivolous, malicious, or failed
19 to state claim, and set forth the following cases: 1) Martin v. Montes, No. 06-CV-
20 00808-UA (E.D. Cal. Aug. 21, 2006) (hereafter "Montes"); 2) Martin v. Tzakis, No.
21 04-CV-00959-UA (C.D. Cal. Sept. 20, 2004) (hereafter "Tzakis"); 3) Martin v.
22 Arballo, No. 03-CV-05410-UA-FMO (C.D. Cal. Aug. 11, 2003) (hereafter
23 "Arballo"); 4) Martin v. Thompson, No. 03-CV-04457-JF (N.D. Cal. Mar. 7, 2005)
24 (hereafter "Thompson"); 5) Martin v. Kates, No. 03-CV-04051-JF (N.D. Cal. Mar.
25 8, 2004) (hereafter "Kates"); and 6) Martin v. Ponder, No. 03-CV-02924-JF (N.D.
26 Cal. Mar. 22, 2007) (hereafter "Ponder")   (Defs.' Mot. to Dismiss at 3-7.)
27 Defendants assert that the courts denied Plaintiff in forma pauperis status in Montes
28 and Tzakis because each action was "[l]egally and/or factually patently frivolous."

Order Granting Motion to Dismiss; Addressing Pending Motions
P:\PRO-SE\SJ.JF\CR.07\Martin848_grant-mtd.wpd      3

1   (Defs.' Req. for Jud. Notice, Ex. A and Ex. B.)  Defendants argue that the court in
2   Arballo found the complaint failed to allege any civil rights claims under 42 U.S.C.
3   § 1983, which resulted in the termination of the case.  (Defs.' Req. for Jud. Notice,
4   Ex. C.)  According to Defendants, Thompson was dismissed with prejudice for
5   failure to state a cognizable claim under § 1983.  (Defs.' Req. for Jud. Notice, Ex.
6   D.)  Lastly, Defendants argue that Kates and Ponder, which were each dismissed for
7   failure to exhaust administrative remedies, should also count as strikes under §
8   1915(g).  (Defs.' Req. for Jud. Notice, Ex. E and Ex. F.)

9       In his opposition, Plaintiff claims that Kates and Ponder should not count as
10  strikes because those actions were not dismissed for failure to state a claim but
11  rather for failure to exhaust administrative remedies.  (Pl.'s Opp. at 1-2.)  Since the
12  Court ruled that Plaintiff could refile when administrative remedies were exhausted,
13  these actions were not dismissed with prejudice.  (Id.)  Plaintiff next argues that
14  Arballo was dismissed because the Court lacked jurisdiction because the defendants
15  therein "weren't acting under color of law nor were they a Government Entity."
16  (Pl.'s Opp. at 3.)  Plaintiff claims that Montes and Tzakis were dismissed because
17  the defendants in that action "weren't acting under the color of law and the Plaintiff
18  couldn't remove the case from State Court to Federal Court."  (Id. at 3-4.)  Lastly,
19  Plaintiff argues that Thompson should not qualify as a strike because the Court in
20  that case "ignored Plaintiff['s] argument of wanting [inflammatory and detrimental
21  report] removed from his Mental Health files" without leave to amend.  (Id. at 4-5.)

22      This Court grants Defendants' request for judicial notice of the court
23  documents provided in support of their motion to dismiss on the grounds that
24  Plaintiff is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g).
25  (Docket No. 31.)  It is clear from the relevant documents that Plaintiff had three
26  complaints dismissed on the grounds that they were frivolous, malicious, or failed to
27  state a claim upon which relief may be granted: 1) Plaintiff's claims in Montes were
28  ultimately found to be "[l]egally and/or factually patently frivolous" and thereupon

Order Granting Motion to Dismiss; Addressing Pending Motions
P:\PRO-SE\SJ.JF\CR.07\Martin848_grant-mtd.wpd        4

dismissed,[1] (Defs.' Req. for Jud. Notice, Ex. A at 1); 2) Plaintiff's claims in Tzakis were ultimately found to be "[l]egally and/or factually patently frivolous" and thereupon dismissed,[2] (Defs.' Req. for Jud. Notice, Ex. B at 4); 3) the court found in Arballo that the complaint failed to state a claim under § 1983 as there was "no state action,"[3] (Defs.' Req. for Jud. Notice, Ex. C); and 4) this Court dismissed Thompson with prejudice for failure to state a cognizable claim under § 1983, (Defs.' Req. for Jud. Notice, Ex. D).  Plaintiff's arguments to the contrary are unpersuasive and without merit.  Plaintiff admits that Montes, Tzakis, and Arballo involved non-governmental defendants.  The courts therefore properly dismissed these actions as frivolous, or in the alternative, for failure to state a claim upon which relief may be granted as there is no cognizable claim under § 1983 against defendants who are not state actors.  Thompson was dismissed because Plaintiff's defamation claim did not rise to the level of a constitutional violation and Plaintiff failed to show that a liberty interest was violated to implicate due process.  Because these four cases are sufficient to warrant a § 1915(g) dismissal, it is unnecessary for this Court to determine whether Kates and Ponder should count as strikes as well.  Accordingly, the instant complaint must be dismissed pursuant to § 1915(g) unless Plaintiff can show that he was in imminent danger of serious physical injury at the time the complaint was filed.

---

[1] In Montes, Plaintiff was suing a non-governmental entity, Kaiser Permanente Hospital, and its employees, alleging that Defendants had violated his constitutional rights. The opinion dismissing the action stated the following: "The present action is without merit because, on the face of the proposed complaint, all claims are barred." (Defs.' Req. for Jud. Notice, Ex. A at 2.)

[2] In Tzakis, the magistrate judge's comments in making a recommendation to the district judge to deny Plaintiff's in forma pauperis application stated, "[Plaintiff] is seeking to appeal adverse ruling in state courts (trial, appellate, and supreme court) which is not authorized." (Defs.' Req. for Jud. Notice, Ex. A at 4.)

[3] In Arballo, Plaintiff was suing a staff writer of the Riverside Press Telegram newspaper for making allegedly false and defamatory statements about Plaintiff. The Court noted that Plaintiff conceded that he was suing a "none [sic] government agency." (Defs.' Req. for Jud. Notice, Ex. C at 2.)

Order Granting Motion to Dismiss; Addressing Pending Motions
P:\PRO-SE\SJ.JF\CR.07\Martin848_grant-mtd.wpd            5

C.   <u>Imminent Danger of Serious Physical Injury</u>

Plaintiff has the burden of proving that he is in imminent danger of serious physical injury at the time he filed the complaint. Plaintiff claims that Defendants delayed in getting him dental treatment that resulted in "irreparable tooth damage [i.e., his front tooth], pain and suffering, [and] emotion and mental duress." (Compl. 2.) These allegations are not sufficient to show that Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. See <u>Abdul-Akbar</u>, 239 F.3d at 312. Having failed to meet his burden, Plaintiff is not entitled to the exception under § 1915(g) to avoid dismissal without prejudice by Defendants' motion. Plaintiff may still pursue his claims if he pays the full filing fee at the outset of a newly filed action.

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion to dismiss (Docket No. 30) is GRANTED. This action is DISMISSED without prejudice to refiling if Plaintiff pays the filing fee.

2. The order entered October 9, 2007 (Docket No. 7), granting Plaintiff leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, is VACATED. Accordingly, Plaintiff's <u>in</u> <u>forma</u> <u>pauperis</u> status is REVOKED.

3. Plaintiff's motion to compel (Docket No. 13), motion for default judgment (Docket No. 15), motions for entry of default (Docket No. 18 and 38), motion for summary judgment (Docket No. 41), and motion for argument of record (Docket No. 47) are DENIED as moot.

4. Defendants' motion to withdraw (Docket No. 19), and motion to stay discovery (Docket No. 33) are DENIED as moot.

This order terminates Docket Nos. 13, 15, 18, 19, 30, 33, 38, 41 and 47.

IT IS SO ORDERED.

DATED: 8/8/08

JEREMY FOGEL
United States District Judge

Order Granting Motion to Dismiss; Addressing Pending Motions
P:\PRO-SE\SJ.JF\CR.07\Martin848_grant-mtd.wpd            6